UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ROLLASHOE, LLC, d/b/a FOOTZYROLLS,
A Florida limited liability company,

                    Plaintiff,

v.                                                              Case No.:

FUNK-TIONAL ENTERPRISES, LLC, a New
York limited liability company, d/b/a AFTERSOLES,
and KATELIN SHEA, an individual, and SUSAN
LEVITT, an individual,

                    Defendants.
_____/

## COMPLAINT

Plaintiff, ROLLASHOE, LLC, d/b/a FOOTZYROLLS (hereinafter "FOOTZYROLLS"

or "PLAINTIFFF"), sues Defendant FUNK-TIONAL ENTERPRISES, LLC d/b/a

AFTERSOLES ("AFTERSOLES") and KATELIN SHEA ("SHEA") and SUSAN LEVITT

("LEVITT") (hereinafter collectively referred to as "DEFENDANTS") and alleges:

## THE PARTIES

1.      Plaintiff is a Florida limited liability company doing business at 1688 Meridian

Avenue, Suite 418, Miami Beach, Florida 33139.  FOOTZYROLLS has been doing business in

Miami-Dade County, Florida and throughout the United States since February 2009.

2.      Defendant Funk-Tional Enterprises, LLC is a limited liability company which

maintains a principal place of business at 453 East 14th Street, #5H, New York, NY 10009 and

does business in Florida and throughout the United States.  Aftersoles has been in business since

no earlier than June 3, 2009.

3.      Upon information and belief, Defendant SHEA is a resident of the State of New

York, residing at 453 E. 14th Street, #5H, New York, New York, 10009, is a co-founder of

Defendant Funk-Tional Enterprises, serves as its registered agent, and controls its operations

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

along with Defendant Levitt and is otherwise *sui juris.*

4.       Upon information and belief, Defendant LEVITT is a resident of the State of Connecticut, residing at 2 Westminster Road, Danbury, Connecticut 06811-3429, is a co-founder and Director of Sales of Defendant Funk-Tional Enterprises, controls its operations along with Defendant Shea and is otherwise *sui juris.*

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§1331, 1332, and 1367.  This suit also arises under the Lanham Act, 15 U.S.C. § 1125, et. seq. This action additionally asserts state statutory and common law claims for common law unfair competition, trademark infringement, and deceptive and unfair trade practices which are joined with substantial and related claims under the federal trademark laws and this Court has jurisdiction as to such claims under 28 U.S.C. § 1338(b).

6.       This Court has personal jurisdiction over the Defendants because Defendants conduct business in interstate commerce in the United States and Florida.  Defendants have purposefully directed their activities to residents of this State by selling to Florida residents through at least one retail store in this District located at 536 Lincoln Road, Miami Beach, FL, 33139 and by virtue of their creation and use of the [www.aftersoles.com](www.aftersoles.com) interactive and accessible website which allows consumers in Florida and elsewhere to enter into contracts through the Internet.  Defendants' creation of this websites employing infringing and deceptive uses of Plaintiff's trademark and/or Trade Dress is a tortious act committed within the State of Florida and causing injury to Plaintiff in this District for purposes of Florida's "long arm" statute, Section 48.193(1)(b).

7.       Venue is proper in this District pursuant to 28 USC §§ 1391(b)(2) because a

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

substantial  part of the acts giving rise to the claim occurred in this District.

## BACKGROUND

8.      FOOTZYROLLS, is, in, part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality rollable/foldable shoes since July 2009.

9.      Plaintiff is the owner of the following Federal trademark application numbers:

(i)      77779346 for "FOOTZYROLLS" for use in connection with Footwear;

(ii)     77834978 for "UNROLL INTO COMFORT WWW.FOOTZYROLLS.COM" for use in connection with Footwear;



(iii)    77834906 for "FOOTZYROLLS THE ROLLABLE SHOE" for use in connection with Footwear.



10.     Plaintiff has used the aforementioned marks ("the FOOTZYROLLS marks") in connection with the production and sale of high quality foldable shoes, and has acquired substantial goodwill in connection with its use of the FOOTZYROLLS marks.

11.     FOOTZYROLLS are rollable, foldable, skid proof shoes that are uniquely packaged.  They have a distinctive trade dress, as they are contained in a small box or cylinder package along with a shoe bag for heels and a small drawstring pouch, each of which contains

3

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

the FOOTZYROLLS logo (the "Trade Dress").

12.     Specifically, in all marketing material including the website and wholesale line sheet, FOOTZYROLLS are displayed alongside the small black pouch and box, all on top of the black shoe bag, as depicted below:



13.     The FOOTZYROLLS box cover displays the same logo contained in application number 77834906 for "FOOTZYROLLS THE ROLLABLE SHOE", as depicted below:



14.     The sides of the FOOTZYROLLS box display the same logo contained in

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

application    number    77834978    for    "UNROLL    INTO    COMFORT
WWW.FOOTZYROLLS.COM", as depicted below:



15.     Prior to the acts complained of herein, Plaintiff adopted and has continuously and exclusively used the inherently distinctive designations and trademarks "FOOTZYROLLS," "UNROLL INTO COMFORT WWW.FOOTZYROLLS.COM" and "FOOTZYROLLS THE ROLLABLE SHOE" and Trade Dress.

16.     FOOTZYROLLS is also the owner of copyright registration number 1-327331891 in connection with its www.footzyrolls.com website, including the photographs on the website, as well as the substantive content contained on the website.

17.     Plaintiff sells its FOOTZYROLLS brand shoes throughout the United States to customers from South Florida to Hawaii. Since entering the market, Plaintiff's FOOTZYROLLS Marks have acquired considerable secondary meaning and goodwill among consumers.

18.     Plaintiff advertises extensively through a variety of outlets, having been featured

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

in major publications such as *O Magazine* and *USA Today*. Plaintiff's FOOTZYROLLS products have also been featured in at least the following national and local print and Internet publications:

- *People magazine's "Style Watch;*
- *In Touch;*
- *CBSNEWS.com;*
- *DailyCandy.com's "Fall Wedding Season Guide;"*
- *WWD.com's "Footwear News;*
- *Woman's Daily magazine;*
- *Lucky magazine;*
- *Chicago Style;*
- *Elements of Style;*
- *A Fashionable Life - Fashion Radio;*
- *Healthy Bitch Daily; A Fabulous Fete, a blog;*
- *It's A Glam Thing, a blog;*
- *Shoeper Woman, a blog;*
- *Fashion Fix, a blog;*
- *Things, a blog;*
- *Gone to Swan, a blog;*
- *Capitol Hill Style, a blog;*
- *Ineedshoes.com;*
- *Spoonfulofperfection.com;*
- *Fantastictoe.com;*
- *Funny Face, a blog;*
- *Thefindbuzz.com;*
- *Glammed If You Do, Glammed If You Don't, a blog*
- *Spencer Morgan Designs, a blog;*
- *Rants, Raves, and Recommendations;*
- *Latina magazine;*
- *The Black Dress Traveler;*
- *TheThreeTomatoes.com "The NYC Insider's Guide for Women Who Aren't Kids;"*
- *SoulOfMiami.org;*
- *SHECKY'S - "Shecky's Hot Picks;"*
- *OMGee! - "OMGee's Mixtape;"*
- *The Cheap Diva blog;*
- *Just a Thought blog;*
- *HairBoutique.com;*
- *FabSugar.com;*
- *Style, Substance, and Sutton, a blog;*
- *The Daily Obsession, a blog;*
- *Kikuku Shoe Asylum, a blog;*
- *Digital Soul Experience, a blog*
- *Tiny Sparkly*
- *TheKnot.com;*
- *YAHOO!'s "Shine;"*
- *TheShoeDish.com;*
- *Always in Style's "Shopping Guide;"*
- *The North Hill News;*
- *Lou Lou magazine;*
- *Liz's Soliloquy, a blog;*
- *Stitches magazine;*

19.    FOOTZYROLLS has also been featured on the nationally televised *CBS Early Show, The Today Show, Good Morning America* and the *Kathy Lee and Hoda Today Show.* Plaintiff's distinctive footwear has been worn by such nationally recognized celebrities such as Kim Kardashian, Blake Lively, and Mariska Hargitay.

20.    Given the continuous and exclusive use of the FOOTZYROLLS Marks and distinctive Trade Dress, Plaintiff enjoys common law protection for the FOOTZYROLLS Marks

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

and Trade Dress.

21.     Defendants compete with Plaintiff's FOOTZYROLLS brand of shoes under Defendant Funk-Tional Enterprise's own "AFTERSOLES" mark. Defendants do not have any United States trademark rights in or the FOOTZYROLLS Marks or Trade Dress.

### DEFENDANTS' INFRINGING ACTIVITY

#### a.     Publication of Images Identical to Plaintiff's Product

22.     FOOTZYROLLS and AFTERSOLES serve a similar purpose and target like consumers but differ substantially because FOOTZYROLLS provides a higher-end product of superior quality and more comfortable fit.

23.     Visually, the key distinction in appearance is the heel portion of the shoe. AFTERSOLES has an elastic heel, FOOTZYROLLS does not.

24.     Defendants have purposely and intentionally published numerous images of AFTERSOLES concealing the heel portion of the shoe to mislead, confuse and lure consumers into purchasing AFTERSOLES, a lower-end product, believing they are in fact purchasing FOOTZYROLLS, a better-quality and trendier product.

25.     For example, on Defendants' main webpage (www.aftersoles.com) is an image of a FOOTZYROLL, as evidenced by the non-elastic heel:



7

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

26.     FOOTZYROLLS, as seen above, do not have an elastic back.  AFTERSOLES, however, have an elastic back, as evidenced by the pictures published on the AFTERSOLES Facebook.com page and several other websites, as depicted below:



**b.  <u>Deliberately Confusing Product Packaging</u>**

27.     The packaging depicted on the AFTERSOLES webpage is confusingly similar if not identical to  FOOTZYROLLS Trade Dress, again concealing the heel of the shoe, and just as likely to mislead and cause confusion:



Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

28.     Clearly, as evidenced from the image above, AFTERSOLES is displayed beside a small black pouch and box, all on top of a black shoe bag, again concealing the heel, and appear identical to the FOOTZYROLLS Trade Dress, all while using the same colors to mislead and cause consumer confusion.

     **c.**     **<u>Confusing Webpage Layout</u>**

29.     The AFTERSOLES webpage layout is organized similarly to FOOTZYROLLS' website.  Printouts of both sites are collectively attached hereto as Exhibit A.

     **d.**     **<u>Emails Containing Misleading and Confusing Information</u>**

30.     On or about September 16, 2009, Defendants sent an email blast that included a depiction of the three stages of unrolling of a women's roll-up, foldable ballet flat and a link to the website http://aftersoles.com/ containing a picture of the abovementioned packaging confusingly similar to that of FOOTZYROLLS. *See* Exhibit B.

31.      Immediately upon learning of Defendants' actions, Plaintiff formally notified Defendants, via cease and desist letter, of their improper acts. *See* Exhibit C.  Despite this notice, Defendants did not cease their infringing activity.

32.     On or about November 16, 2009, Defendants sent a subsequent email blast that included a depiction of the three stages of unrolling of a women's roll-up, foldable ballet flat and a link to the website http://aftersoles.com/ containing  the same picture of the abovementioned packaging which is confusingly similar to that of FOOTZYROLLS. *See* Exhibit D.

33.     On November 16, 2009, at least one person received this email and confused the source as emanating from Plaintiff.  Upon learning that she had contacted Defendant in error, the potential consumer emailed Plaintiff stating "I am in shock! I totally thought these were Footzy Rolls (sic) until I read the press release. Are they kidding?! What a complete rip off!!!" *See*

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

*Exhibit <u>E</u>*

34.     On or about December 11, 2009, a person posing as a potential customer contacted Aftersoles, mentioned Plaintiff's publicity and advertising to Aftersoles, and informed Aftersoles that based on such publicity and advertising that she would be willing to purchase one hundred fifty (150) pairs of Plaintiff's "FOOTZYROLLS" shoes.  *See* Exhibit F.

35.     That same day, Defendant Shea, via email, responded to this "potential customer" with the clear intent of trading on Plaintiff's goodwill in the FOOTZYROOLS brand, thereby perpetuating confusion.  Defendant SHEA stated to the potential customer in pertinent part:

> [T]here are actually <u>a few similar products</u> in the 'back up' footwear space…<u>some of which have been featured in Oprah Mag and Good Morning America</u>.  *Great news for you though is that we have a much better pricing point, retailing at just $17.99 (instead of $25+ like some others)!!!*
>
> **<u>They are truly the same product, price difference aside…</u>**
>
> **…**All of our shoes have elastic on the back,…Our apologies if the photos on the site don't reflect that clearly, but yes, those are photos of our actual aftersoles product and all aftersoles have the elastic back*!"*

*Id.*(emphases added).

36.     Clearly, Defendants are aware that their footwear is different from the actual AFTERSOLES product and are, by their method of placing the footwear in the photograph, intending to and actually causing confusion for customers who are seeking to purchase FOOTZYROLLS but have accidentally stumbled upon AFTERSOLES website.

37.     Further, Defendants, through the use of Google AdWords, paid for a sponsored link so that a google search for "FOOTZYROLLS" results in the following link, "*Back Up Shoes, Dance Floor Approved Sleek, Shiny & Stylish - $17.99 www.aftersoles.com*"  *See* Exhibit G.

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

38.     After discovering the above acts, Plaintiff prepared and sent a <u>second</u> cease and desist letter including various reasonable demands which, to date, have  been ignored. *See* Exhibit H.

39.     Defendants' infringing activity continues to the date of the filing of this Complaint. During the week of February 15, 2010, Plaintiff attended the Magic Marketplace trade show in Las Vegas.  Defendant operated a booth at the trade show.  At the booth, Defendant displayed its "AFTERSOLES" products, showing the same infringing trade dress and "1-2-3" rollable shoe picture found in Plaintiff's Marks.  *See* Composite Exhibit I.

40.     Defendants' above acts are misleading and likely to cause confusion as between Plaintiff's and Defendants' branded products[1].

## COUNT I
## <u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125 (a)</u>

41.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

42.     Through Plaintiff's prior ownership, adoption and use in interstate commerce, Plaintiff owns common law, trademark and trade dress rights throughout the United States in connection with the FOOTZYROLLS brand.

43.     Upon information and belief, Defendants, without Plaintiff's consent, have used Plaintiff's trademarks and its distinctive Trade Dress in commerce and in connection with the sale, offering for sale, distribution and/or advertising of goods such that Defendants are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship or association

---

[1] Similar allegations have been brought against Defendants.  *See C-Saw Enterprises, L.L.C. v. Funk-Tional Enterprises, LLC et al*, Case No. 09-CV-2326 LAB/AJB (S.D. Cal.)

## Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

or approval of Defendants' goods and/or to falsely imply an association with FOOTZYROLLS.

44.     Defendants' unauthorized use of Plaintiff's trademark and its distinctive Trade Dress is likely, if not certain, to cause confusion or to deceive customers as to the affiliation, association or connection of Defendant AFTERSOLES with Plaintiff.

45.     Defendants' unauthorized use of Plaintiff's trademark and its distinctive Trade Dress also facilitates the acceptance of Defendants' product not based on quality of goods provided by Defendants but on the association that the public is likely to make with Plaintiff and the reputation for outstanding quality and goodwill associated with Plaintiff's product.

46.     Defendants' conduct deprives Plaintiff of the ability to control the quality of the goods and services marketed under the infringed marks and unregistered common law trademarks, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

47.     Upon information and belief, Defendants' infringement of Plaintiff's trademarks and Trade Dress has been intentional, willful and without regard to Plaintiff's rights. Defendants have gained profits by virtue of their infringement of Plaintiff's rights.

48.     Plaintiff has sustained damages, including but not limited to lost income, profits and business opportunities as a direct and proximate result of Defendants' infringement

49.     Plaintiff will suffer and is suffering irreparable harm to its business, reputation and goodwill from Defendants' infringement.

### COUNT II
### TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125 (a)

50.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

51.     Through Plaintiff's adoption and prior use in interstate commerce, Plaintiff owns common law copyright, trademark and trade dress rights throughout the United States in connection with the FOOTZYROLLS brand.

52.     Upon information and belief, Defendants have used the FOOTZYROLLS Marks and Plaintiff's distinctive Trade Dress to cause confusion or mistake, or to deceive the public as to the origin, sponsorship or association or approval of the Defendants' goods and/or to falsely imply an association with FOOTZYROLLS.

53.     Plaintiff's Trade Dress has been predominantly displayed throughout the United States via numerous media outlets, television shows, national magazines, trade shows, and retail stores, and is well known among consumers and has come to be associated exclusively with FOOTZYROLLS.

54.     Plaintiff's Trade Dress, which is non-functional, has become distinctive of FOOTZYROLLS and distinguishes FOOTZYROLLS from other like products.

55.     Plaintiff's Trade Dress was distinctive before Defendant began offering its product for sale.

56.     Defendants' unauthorized use of  the FOOTZYROLLS marks and its distinctive Trade Dress is likely, if not certain, to cause confusion or to deceive customers as to the affiliation, association or connection of Defendant AFTERSOLES with Plaintiff.

57.     Defendants' unauthorized use of Plaintiff's trademark and its distinctive Trade Dress also facilitates the acceptance of Defendants' product not based on quality of goods provided by Defendants but on the association that the public is likely to make with Plaintiff and the reputation for outstanding quality and goodwill associated with Plaintiff's product.

58.     Defendants' conduct deprives Plaintiff of the ability to control the quality of the

13

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

goods and services marketed under the infringed marks and unregistered common law trademarks, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over which Plaintiff has no control.

59.     Upon information and belief, Defendant's infringement of the FOOTZYROLL marks and Trade Dress has been intentional, willful and without regard to Plaintiff's rights. Defendants have gained profits by virtue of their infringement of Plaintiff's rights.

60.     Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement.

61.     Plaintiff will suffer and is suffering irreparable harm from Defendants' infringement insofar as Plaintiff's invaluable goodwill is being eroded by Defendants' continuing infringement.

## COUNT III
### <u>UNFAIR COMPETITION UNDER 15 U.S.C. § 1125 (a)</u>

62.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

63.     Plaintiff is the exclusive rightful owner of common law rights in and to the FOOTZYROLLS Marks and Trade Dress in the United States for use in connection with certain footwear.

64.      The FOOTZYROLLS Marks and Trade Dress are inherently distinctive.

65.     The FOOTZYROLLS Marks and trade dress have acquired secondary meaning among the consuming public.

66.     Defendants' advertising using the FOOTZYROLLS Marks constitutes unfair competition in violation of Section 43(a) of the Lanham Act because,  such use has caused, and

## Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

is likely to continue to cause, confusion, mistake and deception, and is likely to mislead consumers and potential consumers into believing that Aftersoles' goods and services are affiliated with, or are otherwise sponsored, authorized, approved, or sanctioned by Plaintiff.

67.     Even if Defendants' acts have not caused actual confusion, Defendants' use of a mark and trade dress identical or confusingly similar to Plaintiff's Marks and Trade Dress in connection with goods which are nearly identical to those offered by Plaintiff is likely to mislead and cause confusion.

68.     As a direct and proximate result of Defendants' willful violations of the Lanham Act, Plaintiff has sustained damages in the form of  lost sales and other  damages.  Moreover, Defendants' continued  actions will result in future diverted sales and damages to Plaintiff as well as irreparable harm to Plaintiff's business standing, reputation and goodwill.

**COUNT IV**
**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

67.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

68.     Plaintiff has prior rights to the distinctive domain name Footzyrolls.

69.     Defendants have adopted infringing marks and trade dress that are confusingly similar to Plaintiff's such that consumers are likely to confuse Defendants' marks and trade dress with Plaintiff's, all in violation of 15 U.S.C. § 1125(a).

70.     Plaintiff has sustained damages in the form of diverted sales and other damages.  Moreover, the continued deceptive actions will result in future diverted sales and damages to Plaintiff as well as irreparable harm to Plaintiff's business standing, reputation and goodwill

15

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

## COUNT V
## <u>FLORIDA COMMON LAW TRADEMARK INFRINGEMENT</u>

71.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

72.     Plaintiff is the exclusive rightful owner of common law rights in and to the FOOTZYROLLS Marks and Trade Dress in the United States for use in connection with the sale of footwear.

73.     The FOOTZYROLLS Marks and Trade Dress are inherently distinctive and have acquired secondary meaning among the consuming public.

74.     Defendants' intentional and unlawful acts have caused actual confusion.

75.     Defendants' advertising using the FOOTZYROLLS Marks constitutes unfair competition in violation of common law principles protecting trademarks and trade dress and on information and belief, such has caused, and is likely to continue to cause, confusion, mistake and deception and is likely to mislead consumers and potential consumers into believing that Defendants' goods and services are affiliated with, or are otherwise sponsored, authorized, approved, or sanctioned by Plaintiff.

76.     As a direct and proximate result of Defendants' acts Plaintiff has sustained damages in the form of lost sales and other damages.  Moreover, the continued deceptive actions will result in future diverted sales and damages to Plaintiff as well as irreparable harm to Plaintiff's business standing, reputation and goodwill.

## COUNT VI
## <u>FLORIDA COMMON LAW UNFAIR COMPETITION</u>

77.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and

16

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

incorporates the same herein by reference.

78.     Defendants' acts constitute unlawful, unfair or fraudulent business acts, practices or competition in violation of Florida common law .

79.     As a result of Defendant's unfair competition, Plaintiff has been damaged.

80.     Unless Defendants' unfair competition is enjoined by the Court, Defendants will continue their unfair competition and otherwise continue to cause irreparable damage and injury to Plaintiff.

**COUNT VII**
**<u>DECEPTIVE AND UNFAIR TRADE PRACTICES</u>**

81.     Plaintiff reasserts the allegations of paragraphs 1 through 40 and incorporates the same herein by reference.

82.     Defendants' conduct is willful and Defendants have engaged in  unfair methods of competition unconscionable acts or practices, and/or an unfair or deceptive acts or practices in trade or commerce in violation of Fla. Stat. § 501.204.

83.     The products depicted on Defendants' webpages and advertisements are very similar or identical to  Plaintiff's and/or contain the FOOTZYROLLS Marks and/or Trade Dress and are designed to deceive or confuse the public

84.     Plaintiff has suffered damages as a direct and proximate result of Defendants' conduct.

85.     Pursuant to Fla. Stat. § 501.211, Plaintiff is entitled to the entry of an injunction enjoining Defendants from any further violation of the statute  as well as its attorneys' fees and court costs.

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered in its favor and against the Defendants for the following relief:

A.      Adjudge that Defendants have infringed Plaintiff's Marks and Trade Dress under federal and common law;

B.      Adjudge that Defendants' use of Plaintiff's Marks and Trade Dress constitutes unfair competition and false designation of origin;

C.      Adjudge that Defendants' use of Plaintiff's Marks and Trade Dress constitutes unfair and deceptive trade practices under Florida law;

D.      An Order prohibiting and permanently enjoining Defendants, their licensees, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, entities, firms, corporations or partnerships in active concert or participation with Defendants or any of them, and/or any person(s) acting for, with, by or through or under any of them, from:

i. Directly or indirectly infringing Plaintiff's above described "FOOTZYROLLS" Marks and Trade Dress in any manner, including, generally, but not limited to using, reproducing, manufacturing, advertising, selling, offering for sale, distributing any goods or merchandise which picture, reproduce, or utilize Plaintiff's Marks, Trade Dress or version thereof, emblem, symbol, design, name, designation, word, or terminology;

ii. Applying Plaintiff's Marks, Trade Dress emblem, symbol, logo, design, name, designation, word, or terminology, or any reproduction, counterfeit, copy or colorable imitation of the same to any label, sign, print, package, wrapper, receptacle, brochure, product, invoice, website, banner, link, email address or advertisement used in connection with the manufacture, distribution, sale, or offering for sale of any goods, merchandise or products, and/or in

18

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

connection with the performance of or offer to perform any services;

      iii. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Marks, Trade Dress, emblem, symbol, logo, design, name, designation, word, or terminology connection with the promotion, advertisement, marketing or performance of any services, or the promotion, advertising, display, marketing, sale, offering for sale, manufacture, production, importation, exportation, or distribution of any goods, apparel, merchandise or products in the United States, or which relate, connection or associate such goods or services in any way to Plaintiff;

      iv.  Using any trademark, service mark, trade name, logo, Trade Dress, symbol or design that tends to falsely to represent, or is likely to confuse, mislead or deceive Plaintiff's customers, Defendants' customers or members of the public that the goods or services sold or offered to be sold by Defendants originate from Plaintiff, or that said goods or services are sponsored, approved, licensed, associated, connected or affiliated with Plaintiff;

      v.  Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchase, Defendants' customers, Plaintiff's customers, or members of the public that the actions of the Defendants are sponsored, approved, licensed, connected or affiliated with Plaintiff;

      vi. Affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, promotion, sale, offering for sale, performance or offer to perform, or other use of any business records, website, or email address, a false description or representation, including words or other symbol, tending to describe falsely to represent such goods, services or advertising material as being those of Plaintiff;

      vii.  assigning or transferring, forming new entities or associations utilizing any

**Higer Lichter & Givner**

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

other device for purpose of circumventing or otherwise avoiding the prohibitions set forth in any Court Order;

        viii.   Otherwise competing unfairly with Plaintiff or damage the goodwill or business reputation of Plaintiff..

E.     As provided by 15 U.S.C. §1116(a), and within thirty (30) days of entry of judgment for Plaintiff, requiring Defendants and each of its licensees, agents, servants, employees, attorneys, representatives, successors and assigns and all persons, entitles, firms or partnerships in active concert or participation with Defendants to deliver up for destruction or distribution to Plaintiff: any and all advertising materials, letterhead, business cards, invoices, websites, brochures, flyers, and any other writing materials or electronic material used in its business, which falsely display, reproduce, copy, counterfeit, imitate or bear Plaintiff's Marks, Trade Dress, emblem, symbol, logo, design, name, designation, terminology, or any simulation or variant thereof;

F.     Adjudge that (i) Plaintiff recover from Defendants Funk-Tional Enterprises, LLC d/b/a Aftersoles, Katelin Shea and Susan Levitt individually, jointly and severally, damages for Defendants' trademark and trade dress infringement under 15 U.S.C. § 1117 and false designation of origin in the form of either, at Plaintiff's election before the entry of a final judgment: (i) Defendants' profits, Plaintiff's damages and costs, trebled under 15 U.S.C. § 1117(b); or (ii) statutory damages pursuant to 15 U.S.C. § 1117(c)(2), plus prejudgment and post-judgment interest;

G.     Adjudge that Plaintiff be awarded all costs and disbursements incurred in connection with this action, including Plaintiff's reasonable attorney's fees and any investigative expenses, against Defendants Funk-Tional Enterprises, LLC d/b/a Aftersoles, Katelin Shea and

Higer Lichter & Givner

*Rollashoe LLC v. Funk-Tional Enterprises, LLC*

Susan Levitt, individually, jointly and severally, on the ground that this is an exceptional case under 15 U.S.C. § 1117;

H.     An Order that Defendants give a detailed accounting sufficient to determine damages during the infringement period;

I.     An Order requiring the Defendants, within thirty (30) days after service of Judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which Defendants have complied with the Judgment; and.

J.     An Order granting Plaintiff such other and further relief as deemed just and equitable.

### **JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues so triable.

Dated: February 17, 2010          Respectfully Submitted,


By:  _____s/David H. Lichter_____
          David H. Lichter, Esq.
          Florida Bar No. 359122
          18305 Biscayne Boulevard, Suite 402
          Aventura, Florida 33160
          Email: dlichter@HLGlawyers.com
          Tel.: (305) 933-9970
          Fax: (305) 356-7556
          *Co-Counsel for Plaintiff*

          Michael I. Bernstein, Esq.
          MICHAEL I. BERNSTEIN, P.A.
          Florida Bar No.: 546208
          1688 Meridian Avenue, Suite 418
          Miami Beach, Florida 33139
          Email: michael@miblawoffice.com
          Tel. (305) 672-9544
          Fax: (305) 672-4572
          *Co-Counsel for Plaintiff*

HIGER LICHTER & GIVNER